UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY McGINNIS, CDCR # P-19835,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>Defendants. | Civil No.   14cv1481 WQH (MDD)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF Doc. No. 2]**<br><br>**AND**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

Anthony McGinnis ("Plaintiff"), a state prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983.

Plaintiff claims the Warden at RJD, correctional officials at Calipatria State Prison ("CAL"), and the Chief Inmate Appeals Officer for the California Department of Corrections and Rehabilitation ("CDCR") violated his right to access to the courts by confiscating and later destroying his personal property, including several cassette tapes Plaintiff alleges contained "official trial transcripts," and denying his inmate grievance

regarding the incident. *See* Compl. at 2-3. Plaintiff alleges his property was confiscated on July 7, 2009, after he was transferred from California State Prison's Substance Abuse Treatment Facility ("SATF") to CAL, *id.* at 3, and has attached copies of his CDC 602 inmate appeal (Log No. CAL-09-01367), through which he alleges to have exhausted his administrative remedies related to the lost property. *Id.* at 4-9, 11, 14-19. Plaintiff seeks $150 million in general and punitive damages. *Id.* at 12.

Plaintiff has not prepaid the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additonal $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has submitted the certified copies of his trust account statements required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements, as well as the attached prison certificate issued by a senior accounting officer at RJD, where he is currently incarcerated, verifying his account history and available balances. Plaintiff's statements show an average monthly balance of $3.18, average monthly deposits of $15.94, and an available balance of $9.00 in his account at the time of filing. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses an initial partial filing fee of $3.18 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Secretary of the CDCR, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

**A.  Standard of Review**

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.  Deprivation of Property Claims

First, to the extent Plaintiff claims his personal property was destroyed "in violation of the rules of the CDCR," his Complaint fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); 1915A(b)(1).

Where a plaintiff alleges to have been deprived of a of property interest caused by the unauthorized negligent or intentional acts of state officials, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, because Plaintiff appears to challenge the negligent or intentional destruction of his property, the CTCA provides Plaintiff with an adequate state post-deprivation remedy, and these claims are not cognizable in a § 1983 action. *Id.*

### C.  Access to Courts Claims

Second, Plaintiff argues that the destruction of his property, which included cassettes containing "official trial transcripts," denied his access to the courts. *See* Compl. at 3.

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas

1  petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts
2  may arise from the frustration or hindrance of "a litigating opportunity yet to be gained"
3  (forward-looking access claim) or from the loss of a suit that cannot now be tried
4  (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see*
5  *also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between
6  two types of access to court claims: those involving prisoners' right to affirmative
7  assistance and those involving prisoners' rights to litigate without active interference.").

8   However, the plaintiff must allege "actual injury" as the threshold requirement to
9  any access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An
10 "actual injury" is "actual prejudice with respect to contemplated or existing litigation,
11 such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at
12 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury
13 as the "inability to file a complaint or defend against a charge"). The failure to allege an
14 actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure
15 to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*,
16 518 U.S. at 353 & n.4).

17  In addition, the prisoner must allege the loss of a "non-frivolous" or "arguable"
18 underlying claim. *See Harbury*, 536 U.S. at 413-14. The nature and description of the
19 underlying claim must be set forth in the pleading "as if it were being independently
20 pursued." *Id.* at 417. Finally, the plaintiff must specifically allege the "remedy that may
21 be awarded as recompense but not otherwise available in some suit that may yet be
22 brought." *Id.* at 415.

23  Plaintiff's Complaint fails to allege the actual injury required to state an access to
24 courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Specifically, while
25 he claims the cassettes destroyed by Defendants included copies of his trial transcripts,
26 *see* Compl. at 3, he has failed to include any further "factual matter" to show how or why
27 the loss of this property resulted in any "actual prejudice with respect to contemplated
28 ///

or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678.

Moreover, Plaintiff's Complaint also fails to identify or even nominally describe the non-frivolous or arguable nature of the underlying cause of action he either anticipated or lost as a result of Defendants' actions. *Harbury*, 536 U.S. at 416 ("[L]ike any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

For these reasons, the Court finds Plaintiff's access to courts claims must also be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### D. Leave to Amend

Because Plaintiff is proceeding without counsel, and it is not "absolutely clear that no amendment can cure" the defects of pleading set forth above, the Court will grant him an opportunity to amend. *See Lucas v. Dept. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Lopez*, 203 F.3d at 1131; *Cervantes*, 5 F.3d at 1276-77.

### III.

### CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED**.

2. The Secretary of the CDCR, or his designee, shall collect the $3.18 initial filing fee assessed by this Order from Plaintiff's prison trust account, and forward the remaining $346.82 balance of the full fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey A. Beard, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

DATED: 9/18/14

HON. WILLIAM Q. HAYES
United States District Judge